IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KWESI B. AMONOO,

        Plaintiff,                               OPINION AND ORDER

v.

                                                     15-cv-603-slc

KAREN SPARLING, *et al.*,

        Defendants.

---

In this proposed civil action, plaintiff Kwesi B. Amonoo seeks leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915, on his claims that the fourteen named defendants violated his constitutional rights in numerous ways. The parties consented to magistrate judge jurisdiction, and on February 8, 2016, this case was reassigned to me. (Dkt. #9.) Amonoo has made the initial partial payment required under § 1915(b)(1), so the court would normally proceed to screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Unfortunately for plaintiff, it is evident from the complaint that Amonoo alleges numerous claims against different defendants for unrelated conduct in violation of Federal Rule of Civil Procedure 20. Accordingly, plaintiff may not bring his claims in a single lawsuit.

As explained in more detail below, Amonoo must identify which of his lawsuits he wishes to pursue as Case No. 15 cv 603 and weigh whether he wants to (1) pursue the others separately or (2) voluntarily dismiss the other claims and defendants without prejudice to bringing them at another time provided the applicable statute of limitations has not expired. Once Amonoo has made his selection, the court will then screen this action under 28 U.S.C. § 1915A.

Amonoo has also filed a motion for a preliminary injunction (dkt. #6), alleging that individuals employed at the institution where he is currently incarcerated will obstruct his access

to the courts. The court will deny this motion at this time because Amonoo has not complied with the court's procedures for seeking preliminary injunctions and because the facts, as presented, do not warrant this relief.

ALLEGATIONS OF FACT[1]

I.      Parties

Plaintiff Kwesi Amonoo is an inmate at the New Lisbon Correctional Institution ("NLCI"). All of the defendants are employed in various positions at NLCI. Holdsclaw, Kutina, McDonald and Eggers are correctional officers. Forsythe and Martinson are correctional officers who have seniority as lieutenants, and Flathammer is a captain. Karen Sparling is a religious coordinator at NLCI. Sutton is a food service manager. Lynn Washetas is a program director. Feiber and Waiter are nurses. Ingenthron is an Inmate Complaint Examiner ("ICE"). Finally, Bender is a property officer.

II.     Nature of Complaints

The factual allegations in Amonoo's complaint fall roughly into the following five categories of complaints.[2]

A.      Destruction of Prayer Oil

Amonoo alleges that on Februrary 28, 2014, Holdsclaw searched his cell and seized a

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations generously. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). For the purposes of this order, the court assumes the following facts based on the allegations in plaintiff's complaint.

[2] Amonoo alleges that the internal complaints he filed regarding defendants' actions were denied after appeal.

bottle containing his prayer oil, the use of which is obligatory according to his religious beliefs as a practicing Muslim. He claims that Holdsclaw eventually returned the bottle, but not before pouring out his prayer oil. Amonoo alleges that Holdsclaw's actions hindered him from practicing his religion by preventing him from using oil during prayer.

Amonoo also alleges that, on a later date, defendant Kutina took his prayer oil bottle after searching his cell even though Amonoo is permitted to possess the bottle. He further alleges that after Kutina left his bottle unattended, defendant McDonald destroyed it without giving Amonoo any of the procedural rights he should have been afforded. Amonoo claims that the actions of Kutina and McDonald similarly impeded him from practicing his religion.

  B.  Retaliation

Amonoo claims that on one occasion, after a family member answered his phone call, he laid down the receiver to take laundry to his cell. While the phone was unattended, McDonald spoke rudely to the recipient of Amonoo's call and then hung up the phone. Amonoo alleges that McDonald acted in retaliation against him for pursuing a formal complaint about her destruction of his prayer oil bottle.

  C.  Insufficient Meals

During Ramadan, Amonoo received bags of food designed for inmates who were observing Ramadan. Amonoo alleges that, after receiving several bags that contained food far short of the caloric and nutritional intake to which he was entitled, he complained to defendants Sparling, Sutton and Washetas. Amonoo claims that none of them took any action to address his complaints. As a result, according to Amonoo, he was forced to purchase his own food to supplement his meal bags and had to occasionally end his fast early to alleviate the symptoms

of his extreme hunger, in contravention of his religious beliefs.

    **D.**    **Complaints Regarding Boots**

Amonoo claims that several of the defendants harmed him by ignoring his medical conditions that make it difficult for him to wear the NLCI-sanctioned boots. First, Amonoo generally contends that a medical professional prescribed a special type of athletic shoe for him to wear instead of the state-provided boots. Amonoo alleges that he was not permitted to wear the athletic shoes, however, and still felt considerable pain after he received new high top boots to wear. When he complained that the new boots continued to aggravate his condition, Amonoo maintains, he was told that he could not wear athletic shoes during visitation or transport even though he pointed out that other inmates with the same condition were allowed to do so. Amonoo claims that being forced to wear the boots has caused him considerable pain. He attributes responsibility for the deliberate indifference of his medical needs to defendants Feiber, Waiter, Washetas and Martinson, who Amonoo alleges acted in concert with defendants Warner and Flathammer.

Amonoo also claims that defendants Eggers, Ingenthron and Forsythe took a pair of new boots from him and forced him to wear used boots. By Amonoo's account, they threatened to make him conduct his visits remotely, via a monitor, unless he wore the used boots. According to Amonoo, the used boots caused his toenails to fall off and gave him athlete's foot.

    **E.**    **Denial of Access to Courts**

Lastly, Amonoo claims that two defendants harmed him by obstructing his efforts to pursue his legal claims. Amonoo alleges that defendant Bender, the property officer in the segregation unit, prevented him from timely filing motions and documents for his court cases

by maliciously denying his request for certain legal papers and stamped envelopes. Amonoo states that these actions caused him to miss deadlines and resulted in the unfavorable disposition of those cases.

The other complaint that Amonoo raises about his ability to access the courts arises from Eggers requiring him to pay to replace stolen boots, in violation of NLCI policy. According to Amonoo, after the charges for the boots were imposed, Eggers and Ingenthron improperly took money directly from Amonoo's account and delayed returning the funds after Amonoo filed an internal complaint. This delay, Amonoo claims, harmed him because he did not have enough money to make copies of documents that were necessary for one of his court filings.

OPINION

I. Federal Rule of Civil Procedure 20

The Seventh Circuit has instructed district courts to apply the permissive joinder rule of Federal Rule of Civil Procedure 20 to complaints asserting multiple claims against multiple defendants. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (stating that a "buckshot complaint" raising unrelated claims against unrelated defendants "should be rejected" by the district court). Rule 20 permits plaintiffs to join multiple defendants in a lawsuit only if (1) at least one claim against each defendant arises out of the same transaction or series of transactions and (2) there is a question of law or fact common to all of the defendants. Fed. R. Civ. P. 20(a)(2); *see George*, 507 F.3d at 607. It is only after the requirements of Rule 20 are satisfied that a plaintiff may join additional, unrelated claims against the defendants in accordance with Federal Rule of Civil Procedure 18. *See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696

F.2d 53, 56-57 (7th Cir. 1983). A plaintiff may not use Rule 18 to join additional defendants outside of the core group of defendants properly joined under Rule 20.

In this case, Amonoo asserts claims against several different core groups of defendants linked by different occurrences or series of occurrences. Therefore, the court understands Amonoo as bringing claims that generously divide into at least four separate lawsuits:

**Lawsuit #1: Destruction of Religious Property in violation of First Amendment and RLUIPA and Retaliation Because of Complaints about Destruction of Property**

Holdsclaw searched Amonoo's cell and poured out his prayer oil;

On a later date, Kutina searched Amonoo's cell and took his prayer oil bottle;

McDonald destroyed Amonoo's bottle after Kutina left it unattended;

McDonald retaliated against Amonoo for filing a complaint about the destruction of his bottle.

**Lawsuit #2: Denial of Adequate Religious Diet in violation of First Amendment and RLUIPA**

Sparling, Sutton and Washetas did nothing to respond to Amonoo's complaints about receiving Ramadan meal bags that did not contain enough food.

**Lawsuit #3: Being Forced to Wear Boots in Deliberate Indifference of Medical Needs**

Feiber, Waiter, Washetas, Martinson, Warner and Flathammer forced Amonoo to wear boots sanctioned by NLCI instead of athletic shoes that he needed because of his medical condition;

Eggers, Ingenthron and Forsythe took a pair of new boots from Amonoo and forced him to wear previously used boots despite his medical condition.

**Lawsuit #4: Denial of Access to Courts in violation of First Amendment**

> Bender denied Amonoo's requests for his legal papers and stamped envelopes, obstructing Amonoo's efforts to timely file documents for his court cases;
>
> Eggers and Ingenthron charged Amonoo for boots that someone stole from him, took money directly from Amonoo's account and delayed returning the funds, preventing Amonoo from making copies he needed for one of his court cases.

Because these four, distinct claims concern separate transactions involving different core groups of defendants, they may not be brought in a single lawsuit. Under *George*, the court will apply the filing fee Amonoo owes to any of the four lawsuits, but he will have to choose which of the lawsuits to pursue as Case No. 15-cv-603.

For the other lawsuits, Amonoo must make a choice. He may choose to pursue them separately. If so, he must file separate complaints for each lawsuit and pay a separate filing fee for each, with the understanding that he will be subject to a separate strike for each lawsuit ultimately dismissed as legally meritless.[3] Alternatively, Amonoo may choose to dismiss the other lawsuits voluntarily. If he chooses this latter route, he will not owe any additional filing fees or face any potential strikes. Any lawsuit Amonoo dismisses voluntarily would be dismissed without prejudice, so he may be able to bring it at another time provided the applicable statute of limitation has not expired.

Amonoo should be aware that because it is unclear which lawsuit he wants to pursue, the court has not assessed the possible merits of any of his four lawsuits. Once Amonoo identifies which lawsuit he wants to pursue under this case number, the court will screen it as required under 28 U.S.C. § 1915(e)(2). Because Amonoo faces a filing fee and possible strike for each

---

[3] Except in narrow circumstances, a prisoner who receives three strikes is not permitted to proceed in new lawsuits unless he first pays the full filing fee. *See* 28 U.S.C. § 1915(g).

lawsuit he pursues, he should carefully consider the merits and relative importance of each before proceeding.

## II.     Preliminary Injunction

Amonoo has also filed a motion for emergency injunctive relief, praying for the court to order his immediate transfer to one of four different prisons. In his motion, Amonoo alleges that Tonia Schumann, who handles inmate accounts at NLCI, issued a conduct report against him after he expressed that he would "gladly tell the court" about her delay in releasing his initial filing fee. Amonoo further alleges that Schumann's conduct report resulted in him being reprimanded even though he was not given the formal hearing on it he requested. The basis of Amonoo's motion is his suspicion that Schumann acted in retaliation to him asserting the various claims in his complaint as well as his concern that the staff at the prison will further retaliate against him.

Although there are several reasons why the court will deny Amonoo's motion for injunctive relief at this time, two will suffice at this juncture. First, Amonoo's motion is procedurally defective because it fails to comply with this court's procedure for obtaining preliminary injunctive relief, a copy of which will be provided to Amonoo with this order. Under these procedures, a plaintiff must file and serve proposed findings of fact that support his claims, along with any evidence that supports those proposed findings of fact. Amonoo has declared under oath that he fears retaliation from individuals at NLCI, but he has submitted no proposed findings of fact as to the merits of his retaliation claim.

Second, even if Amonoo's motion was not facially flawed, the court would deny it on the merits at this time. To prevail on a motion for a preliminary injunction, Amonoo must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. *See Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007). Once Amonoo has satisfied these three requirements, the court must then balance the relative harms that could be caused to either party. *See id.*

Even in light of the other allegations in Amonoo's complaint, his allegation that Schumann delayed the release of his filing fee is simply not enough to demonstrate that Amonoo is likely to show that defendants will obstruct his access to the courts in violation of the First Amendment. Indeed, Amonoo's participation in this lawsuit as well as his other lawsuit pending before the court, Case No. 12-cv-693, cuts against his contention that he will be hindered from prosecuting his claims in this case if he remains at NLCI. *See Eichwedel v. Chandler*, 696 F.3d 660, 673 (7th Cir. 2012) ("[A]n inmate may prevail on a right of access claim only if the official actions at issue hindered his efforts to pursue a legal claim[.]") (internal quotation marks omitted). Thus, Amonoo's motion is premature. If he encounters further retaliation at NLCI, and assuming that good grounds exist to do so, he may refile his motion for a preliminary injunction in accordance with this opinion, and the court will endeavor to address his request promptly.[4]

---

[4] If Amonoo happens to encounter retaliation sufficient for him to refile his motion for preliminary injunctive relief, he should keep in mind that (1) the court will generally not grant injunctive relief against a person who is not a party to the lawsuit and (2) a "claim for injunctive relief can stand only against someone who has the authority to grant it." *Williams v. Doyle*, 494 F. Supp. 2d 1019, 1024 (W.D. Wis. 2007).

ORDER

IT IS ORDERED that:

1) Plaintiff Kwesi B. Amonoo's motion for a preliminary injunction (dkt. #6) is DENIED without prejudice;

2) No later than **March 8, 2016**, Amonoo must identify for the court which one of the lawsuits identified in this opinion he wishes to pursue under the case number assigned to his complaint;

3) No later than **March 8 2016**, Amonoo must also inform the court whether he wishes to continue to prosecute any of his other claims as separate lawsuits or withdraw them voluntarily. If Amonoo dismisses these claims voluntarily, he will owe no further filing fee. If Amonoo advises the court he intends to prosecute one or more of these claims in a separate lawsuit, he will (1) owe a separate $350 filing fee for each new lawsuit and (2) need to file a separate complaint setting forth his claims; and

4) If plaintiff fails to respond to this order by **March 15, 2016**, then the clerk is directed to enter an order dismissing without prejudice the entire lawsuit based on plaintiff's failure to prosecute it.

Entered this 16th day of February 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge