IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KWESI B. AMONOO,

Plaintiff,

v.

KAREN SPARLING, et al.,

Defendants.

OPINION AND ORDER

15-cv-603-slc

---

*Pro se* plaintiff Kwesi B. Amonoo is proceeding in this § 1983 civil suit on claims that three correctional officers at the New Lisbon Correctional Institution (NLCI) violated his rights under RLUIPA and the First Amendment by confiscating and destroying his prayer oil on two separate occasions. On June 21, 2017, I gave plaintiff an opportunity to submit a supplemental response to the motion for sanctions that defendants filed in the context of briefing summary judgment. In particular, defendants argued this entire case should be dismissed with prejudice because plaintiff fabricated evidence in opposing summary judgment. After reviewing the documents in question, I agreed with defendants that two of plaintiff's documents appear to be obvious fabrications and that dismissal with prejudice would be an appropriate sanction for plaintiff's actions. Before dismissing the case, however, I gave plaintiff one more opportunity to prove that the documents are not falsified by submitting the original documents in question.

I am now in receipt of plaintiff's response, in which he addresses both documents in question but fails to submit original copies of either document. (Dkt. 63, 64.) The first document at issue is a property inventory that plaintiff received at the time he was transferred to NLCI. In his supplemental response, plaintiff does not clearly explain why he did not submit an original copy of the inventory to the court, but his response suggests that he may have never actually possessed an original copy of this document. Instead, his response suggests that he

received a photocopy of the document when he was transferred to NLCI. He further states that he cannot explain why his inventory shows that he arrived at NLCI with two 8 ounce bottles of hair oil, while defendants' document does not, but he points to additional discrepancies between his document and the defendants,' suggesting that the discrepancies are not necessarily nefarious. However, the differences noted by plaintiff appear to be additions and subtractions added by the institution as plaintiff received new property or destroyed old property. These differences do not explain why plaintiff's property inventory document shows that he arrived at NLCI with two 8 ounce bottles of hair oil, while the institutions inventory shows he arrived with no hair oil.

Perhaps if the property inventory were the only document at issue, I would be disinclined to sanction plaintiff based solely on its submission given the outstanding questions regarding the differences between the two documents. However, the second document at issue – the alleged 2013 property receipt – is such an obvious fabrication that a sanction is appropriate.

With respect to the alleged 2013 property receipt, plaintiff states that before submitting the original document as ordered by the court, he decided to make one final copy of it. He states, however, that while he was attempting to make a copy of it, it "c[a]me up missing due to staff's negligence." Dkt. 63. He attaches a "photocopy request" form dated June 27, 2017, which he allegedly filled out requesting a copy of 2013 property receipt. Dkt. 64-1. On the form, there is a statement from someone named "VanBeek," who wrote, "receipt did not return with copies." Plaintiff alleges that this is a statement by staff proving that staff lost the original 2013 property receipt.

But plaintiff's explanation is not at all persuasive. The photocopy form does not prove

that it was the alleged 2013 property receipt that plaintiff sought to copy, as the form does not identify any specific property receipt. Further, the ambiguous statement from "VanBeek" does not clarify whether plaintiff actually provided a property receipt to be copied, which property receipt he provided, or what happened to the property receipt. Rather than help plaintiff, this submission provides further evidence that plaintiff is attempting to cover up his fabrication of the 2013 property receipt.

As I explained before, a side-by-side comparison of the fabricated 2013 property receipt with the original 2009 property receipt that plaintiff altered confirms that plaintiff fabricated the 2013 receipt. Because plaintiff has neither provided the original nor any other plausible explanation for the similarities between the two documents, I conclude that the evidence establishes that he has submitted a fraudulent document to the court:

Original 2009 Property Receipt:

DEPARTMENT OF CORRECTIONS
Division of Adult Institutions
DOC-237 (Rev. 08/08)

WISCONSIN
Administrative Code
Chapter DOC 309

**PROPERTY RECEIPT / DISPOSITION**

INSTRUCTION: If property received is a major property item, this form must be retained until the property item is disposed of.

ITEM IS A MAJOR PROPERTY ITEM ☐ YES ☐ NO

| OFFENDER NAME | DOC NUMBER | INST | UNIT | ITEM WAS | DATE |
|---|---|---|---|---|---|
| Anowoo, Kwesi | 1297757 | | F | ☐ RECEIVED ☐ DISPOSED OF | |

HOW ITEM WAS RECEIVED / DISPOSED OF
☐ VISIT ☐ MAIL ☐ EXCHANGE ☐ PURCHASE ☐ OTHER - SPECIFY

ITEM(S) RECEIVED / DISPOSED OF (IF PROPERTY ITEM IS A MAJOR ITEM, INDICATE BRAND, MODEL #, SERIAL #, AND/OR DETAILED DESCRIPTION, AS APPROPRIATE)

3 grey T-shirts
4 pr socks
1 clip-on Desk lamp
size 11.5 1 pr and 1 Black/silver, 1 pr and 1 white/black 3 tennis shoes

2009

Destroyed
4pr socks
3 pr T-shirts
1 AND black size 11 Tennis Shoe
1 clamp on desk light

I acknowledge and understand that the Department of Corrections grants me the privilege of possessing the above described property, specifically conditioned on my agreement to abide by the following: 1) I shall not trade, loan, give, sell or otherwise exchange any of the above-described property with any other offender without the written pre-authorization of the Warden/Superintendent. 2) I agree that none of the electronics or musical equipment has a value in excess of $350. 3) I agree that none of my other individual items of personal property has a value in excess of $75. 4) I shall acquire and keep merchandise supplier's receipts for personal property. 5) If I allege that any of this property is lost or damaged due to the intentional act or gross negligence of a departmental employee or agent, I may file a complaint pursuant to DOC 310.

SIGNATURE OF OFFENDER: Kwesi B. Anowoo — DATE SIGNED: 2-27-09 — SIGNATURE OF STAFF MEMBER APPROVING / WITNESSING: [signature]

Plaintiff's Fabricated Property Receipt:

DEPARTMENT OF CORRECTIONS
Division of Adult Institutions
DOC-237 (Rev. 08/08)

WISCONSIN
Administrative Code
Chapter DOC 309

**PROPERTY RECEIPT / DISPOSITION**

INSTRUCTION: If property received is a major property item, this form must be retained until the property item is disposed of.

| OFFENDER NAME | DOC NUMBER | INST | UNIT | ITEM WAS | DATE |
|---|---|---|---|---|---|
| Anowoo, Kwesi | 1297757 | | [illegible] | ☐ RECEIVED ☐ DISPOSED OF | |

HOW ITEM WAS RECEIVED / DISPOSED OF
☐ VISIT ☐ MAIL ☐ EXCHANGE ☐ PURCHASE ☐ OTHER - SPECIFY:

ITEM(S) RECEIVED / DISPOSED OF (IF PROPERTY ITEM IS A MAJOR ITEM, INDICATE BRAND, MODEL #, SERIAL #, AND/OR DETAILED DESCRIPTION, AS APPROPRIATE)

3 grey T-shirts
4 pr socks
1 [illegible]
1 clip-on Desk lamp
size 11.5 1 pr and 1 Black/silver, 1 pr and 1 white/black 3 tennis shoes

Destroyed
4pr socks
3 pr T-shirts
1 AND black size 11 Tennis Shoes
1 clamp on desk light

I acknowledge and understand that the Department of Corrections grants me the privilege of possessing the above described property, specifically conditioned on my agreement to abide by the following: 1) I shall not trade, loan, give, sell or otherwise exchange any of the above-described property with any other offender without the written pre-authorization of the Warden/Superintendent. 2) I agree that none of the electronics or musical equipment has a value in excess of $350. 3) I agree that none of my other individual items of personal property has a value in excess of $75. 4) I shall acquire and keep merchandise supplier's receipts for personal property. 5) If I allege that any of this property is lost or damaged due to the intentional act or gross negligence of a departmental employee or agent, I may file a complaint pursuant to DOC 310.

In sum, I conclude that the clear and convincing evidence establishes that plaintiff submitted at least one fabricated document, and probably two, with his summary judgment opposition materials. Additionally, as I explained in my previous order, I conclude that dismissal of this case is the most appropriate sanction under the circumstances. A lesser sanction would not be adequate or effective at deterring plaintiff from falsifying evidence in the future. Accordingly, this case is dismissed with prejudice as a sanction for plaintiff falsifying evidence. Additionally, because his falsified evidence confirms that this case was frivolous, plaintiff will be be assessed a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that this case is DISMISSED with prejudice as a sanction for plaintiff Kwesi B. Amonoo's falsification of evidence. Plaintiff is assessed a strike under 28 U.S.C. § 1915(g).

Entered this 14th of July, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge